STATE OF MAINE

KENNEBEC, sa.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-01-019

OSCAR W. HANSON
and VIOLET F. HANSON,

Plaintiffs

v.

DAN JIORLE and
JAMES JIORLE,

Defendants

DECISION AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

SEP 30 2002

This timber trespass case is before the court after bench trial. The plaintiff, Oscar Hanson is deceased and the property is owned by a co-tenant and plaintiff, Violet F. Hanson. The parties have presented a stipulation which has established that on or about February 2, 2000, the defendants, owners of property adjacent to plaintiff's property, contracted with a logger, one Alan Williams, to purchase stumpage from their real estate and cut and remove the same. The defendants, relying upon incorrect tax maps, negligently directed Mr. Williams to cut and remove trees on land of the plaintiff. The defendants did not intentionally remove stumpage of the plaintiff. Inasmuch as the parties disagree over the extent of the cutting by Mr. Williams and the damages to which the plaintiff is entitled for the negligent cutting and removal, the matter is before the court by agreement.

The evidence as to damages was made up of testimony and the introduction of two exhibits. Plaintiff's exhibit 1 is a handwritten stump tally prepared by plaintiff's son and daughter. Plaintiff's exhibit 2 is a timber trespass tally sheet prepared by a professional forester.

Within a few days of trespass, the son and daughter of the plaintiff went to the site with a ruler and a "wood scale" and measured each stump which, in the opinion of plaintiff's son, were the result of trees severed by a chain saw. The son identified the stumps and made the measurements, calling those measurements to the daughter who prepared the tally sheet. At the same time, the daughter observed the son making the measurements. There was no testimony or evidence that the children marked the stumps after examination. Stumps were tallied with the smallest measurement at one inch and increasing in one-half inch increments to 24 inches. The witness estimated that he measured approximately 130 to 150 trees measuring one-half inch to 24 inch in diameter. When asked to count the threes on his tally sheet, he reached a total of 116 trees.[1]

During the course of the plaintiff's son's testimony, he advised that he made contact with the Maine Forest Service who sent a representative to examine the property and who prepared a stump tally. While other witnesses testified that they agreed with the Maine Forest Service stump tally, the document itself was never presented as evidence.

A highly qualified self-employed consulting forester visited the site in November of 2001. The area in question is approximately three acres and the stumps identified in the Maine Forest Service stump tally still showed evidence of the paint markings made by the Forest Service representative. The professional forester first concurred with the conclusion by the Maine Forest Service that 61 trees had been cut and removed and that

---

[1] Mr. Hanson's testimony may have been an attempt to count those trees measuring two inches or greater from the exhibit. The court's examination of the exhibit counts a total of 136 trees measured o which 112 were two inches or greater.

61 stumps showed evidence of trees cut and removed. The Forest Service tally was founded upon a four inch minimum standard.[2]

The expert confirmed the Maine Forest Service stump tally and made it clear that he did not find any stumps that were not properly paint marked by that tally. Accepting that conclusion, the forester then examined the lot to determine what trees had been damaged by the forestry operation. He categorized his damage by species and by nature of damage. He examined the area for scraped trees, knocked down trees, leaning trees, and crown damaged trees on the basis of their future potential value. He also looked for trees that were severed as part of the logging process. He identified 18 trees whose trunk or bole was scraped, 28 trees knocked down, 9 trees suffering crown damage, and 6 trees cut or severed for a total of 61 trees determined to be damaged by the logging operation.[3]

The defendant and his contractor essentially agree with the conclusion by the Maine Forest Service that about 60 trees were cut and removed. In addition, the logger testified that he did not cut and leave any trees, he removed all trees that he had cut, and he believed that he cut no trees larger than 15 inches or smaller than 10 inches.

It is relevant that except for Mr. Hanson, the plaintiff's son, all witnesses testified that the land in question suffered severe damage from the Ice Storm of 1998. The

---

[2] A discrepancy between Mr. Hanson's tally and that of the Maine Forest Service, not in evidence, might be explained that the State Forester utilized the market value measurement by examining a stump and determining its diameter at a theoretical point four and a half feet from the ground. This requires a stump of five or six inch stump depending upon the species of tree.

[3] The expert very explicitly described the manner in which he determined which trees were damaged by this logging operation and which trees suffered the same type of damage from some natural cause. He also made it clear that when in doubt, he gave the defendant the benefit and did not include the damage in the logging evaluation.

professional forester testified the Mount Vernon area suffered substantial Ice Storm damage. The plaintiff's daughter testified that the area in question had a lot of bent-over trees from the Ice Storm, the logger testified that most of the trees were damaged and the ground was not conducive to good tree growth and the defendant testified that he had the area in question cut over primarily because the damaged trees were so unsightly. Unfortunately, no evidence was presented to determine the extent to which the trees accounted for in the stump tally were already severely damaged and of reduced value. The court is satisfied that the plaintiff's expert made every effort to conservatively not include trees damaged from he Ice Storm in his assessment.

The Ice Storm damage issue may account for the plaintiff's reliance upon forfeiture value in seeking damages. Plaintiff cites 14 M.R.S.A. § 7552, Injury to Land, Forest Products or Agricultural Products, as the sole basis for their claim for damages. Among other things, section 7552(2 prohibitions, provides:

Without permission by the owner a person may not:

A.      Cut down, destroy, damage or carry away any forest product, . . . from land not that person's own; . . .

Section 7552(1)(C) provides, within the definition of "forest products," "logs, pulpwood, . . . fuel wood, . . ." Section 7552(3) provides alternative measures of damages that an aggrieved owner may use in seeking relief. That reads:

Measure of damages. This subsection governs the measurement of damages resulting from a violation of subsection (2).

A.      . . .

B.      For lost trees, the owner may claim in lieu of market value the forfeiture amounts determined in Title 17, § 2510, subsections 2 and 3. In addition, the owner's damages may include the costs of regeneration of the stand in accordance with Title 12, § 8869. The court may reduce the

damages awarded for good cause shown when the cutting of trees was done negligently or without fault.

Finally, the statutory section goes on to provide under section 7552(4):

Damages recoverable. Damages are recoverable as follows:

A.     A person who negligently or without fault violates subsection (2) is liable to the owner for two times the owner's damages as measured under subsection (3) or $250, whichever is greater.

The plaintiff has chosen to limit the evidence to a claim for forfeiture value. The claim, brought under section 14 M.R.S.A. § 7552(2) & (3) is limited to the forfeiture amounts provided in 17 M.R.S.A. § 2510(2) & (3). Title 17 M.R.S.A. § 2510(2) provides:

Forfeitures. The following forfeitures may be adjudged for each tree over two inches in diameter that has been cut or felled:

A.     If the tree is no more than 6 inches in diameter, a forfeiture of $25;
B.     If the tree is over 6 inches and up to 10 inches in diameter, a forfeiture of $50;
C.     If the tree is over 10 inches and up to 14 inches in diameter, a forfeiture of $75;
D.     If the tree is over 14 inches and up to 18 inches in diameter, a forfeiture of $100;
E.     If the tree is over 18 inches and up to 22 inches in diameter, a forfeiture of $125; and
F.     If the tree is greater than 22 inches in diameter, a forfeiture of $150.

3.     Diameter. For purposes of determining the forfeiture, the diameter of a tree shall be the diameter of the tree stump remaining or the diameter of the tree at four and a half feet from the ground if the remaining stump is higher than that distance.

Since the plaintiff has chosen on the basis of statutory forfeiture, the court is limited to the precise language of the statute for the determination and award of damages. Further, the plaintiff has presented no evidence as to costs of regeneration, market value or an expert opinion as to the value of damaged trees.[4] In the absence of

---

[4] The plaintiff argues that they are entitled to the application of the forfeiture values to the damaged tree. They would suggest that the term "lost trees" as found in 14 M.R.S.A. § 7552(3)(B) qualifies for the forfeiture evaluation. Unfortunately, the forfeiture statute, 17 M.R.S.A. § 2510(2), is explicit in that it only may be applied to a tree over two inches in diameter that has been "cut or

such evidence, the court is limited to the forfeiture values as provided by statute and the measurements provided by plaintiff's witness.[5]

In consideration of the exhibits and the plain language of the statutes relied upon by the plaintiff, the court finds the following:

- 30 trees 2 inches or less in diameter, not subject to forfeiture.

- 41 trees no more than 6 inches equals $1,025.

- 18 trees over 6 inches and up to 10 inches equals $900.

- 24 trees over 10 inches and up to 14 inches equals $1,800.

- 19 trees over 14 inches and up to 18 inches equals $1,900.

- 3 trees over 18 inches and up to 22 inches equals $375.

- 1 tree greater than 22 inches equals $150.

- Cut or severed trees from harvesting damage over 2 inches equals $75.

- Total forfeiture: $6,225

As previously noted, 14 M.R.S.A. § 7552(3) & (4) provide double liability in damages to an owner who is negligent but allows the court to reduce the damages for good cause when the cutting is done negligently. This court is satisfied that some substantial amount of trees cut were substantially damaged by the Ice Storm. The court has not been provided any evidence as to a probable amount of damage and therefore cannot speculate either as to any improvement in the lot for the benefit of the owner by

---

felled." Plaintiff's expert defines those terms as consistent with his trees found to be intentionally severed or trees intentionally cut down by human means.

[5] The court also notes that the defendant has not presented any evidence as to value of removal of unsightly trees as mitigation against the forfeiture losses. This information might be available to allow the court to reduce the damages awarded for good cause and the cutting is done negligently. 14 M.R.S.A. § 7552(3)(B).

the cutting or a reduction in the losses to the owners by the cutting and therefore cannot speculate as to any mitigating amounts.

For reasons stated herein, the entry will be:

Judgment for plaintiff in the amount of $12,450.

Dated: September 9 , 2002

Donald H. Marden
Justice, Superior Court

OSCAR W HANSON  - PLAINTIFF
RR 1, BOX 7920
MOUNT VERNON ME 04352
Attorney for: OSCAR W HANSON
WALTER MCKEE
LIPMAN & KATZ PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051

VIOLET HANSON  - PLAINTIFF
RR 1, BOX 7920
MOUNT VERNON ME 04352
Attorney for: VIOLET HANSON
WALTER MCKEE
LIPMAN & KATZ PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051


vs
DAN JIORLE  - DEFENDANT

Attorney for: DAN JIORLE
BRIAN WINCHESTER
OFFICE OF BRIAN P WINCHESTER
116 STATE STREET

AUGUSTA ME 04330

ALAN WILLIAMS  - DEFENDANT
TOWER ROAD
VIENNA ME 04360
Attorney for: ALAN WILLIAMS
DAVID SANDERS

PO BOX 271

LIVERMORE FALLS ME 04254

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-RE-2001-00019


**DOCKET RECORD**


Filing Document: COMPLAINT                    Minor Case Type: TRESPASS
Filing Date: 05/14/2001

## Docket Events:
10/04/2001 FILING DOCUMENT - COMPLAINT FILED ON 05/14/2001

10/04/2001 Party(s):  OSCAR W HANSON
           ATTORNEY - RETAINED ENTERED ON 05/14/2001
           Defendant's Attorney: WALTER MCKEE

10/04/2001 Party(s):  VIOLET HANSON
           ATTORNEY - RETAINED ENTERED ON 05/14/2001
           Defendant's Attorney: WALTER MCKEE

Printed on: 09/10/2002